UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN JENNEWEIN, MARK SAVAGE, )
JOHN WALKER, JR., JOHN HOPKIN, MICHAEL )
FOX, DAVID A. GILLICK, LUKE SIEBERT, )
JOHN J. SMITH, JR., BRIAN GRANT and )
NICHOLAS FRISCH, in their representative )
capacities as trustees of the Bricklayers' Local )   Case No.
Union No. 1 of Missouri Pension Trust and )
Bricklayers' Local Union No. 1 Supplemental )
Pension Plan, and BRICKLAYERS' LOCAL )
UNION NO. 1 OF MISSOURI PENSION TRUST, )
an employee benefit plan, and BRICKLAYERS' )
LOCAL UNION NO. 1 SUPPLEMENTAL )
PENSION PLAN, an employee benefit plan, )
)
and )
)
NICHOLAS FRISCH, MICHAEL FOX, )
BRIAN GRANT, BRIAN JENNEWEIN, BRIAN )
GRANT and DAVID GILLICK, in their )
representative capacities as trustees of the )
Bricklayers' Local Union No. 1 of Missouri )
Vacation Trust, and BRICKLAYERS' LOCAL )
UNION NO. 1 OF MISSOURI VACATION )
TRUST, an employee benefit plan, )
)
and )
)
BRIAN JENNEWEIN, DAVID GILLICK, )
MARK SAVAGE, JOHN WALKER, JR., )
JOHN HOPKIN, MICHAEL FOX, )
BRIAN SMITH, RICHARD K. )
SWANSON, DAN GRASS, and BRETT )
LAMPKIN, in their representative capacities )
as trustees of the Bricklayers' Local Union No. 1 of )
Missouri Apprenticeship and Training Trust, and )
BRICKLAYERS' LOCAL UNION NO. 1 OF )
MISSOURI APPRENTICESHIP AND TRAINING )
TRUST, an employee benefit plan, )
)
and )
)
JAMES BOLAND, TIMOTHY DRISCOLL, )
GERARD SCARANO, CARLOS AQUIN, )

| | |
|---|---|
| HENRY KRAMER and GERALD O'MALLEY in their representative capacities as trustees of Bricklayers and Trowel Trades International Pension Fund and BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND, an employee benefit plan, | ) ) ) ) ) ) ) |
| and | ) ) |
| JAMES BOLAND, TIMOTHY DRISCOLL, GERARD SCARANO, CARLOS AQUIN, TED CHAMP, GREGORY HESS, MATTHEW AQUILINE, ROBERT HOOVER, TONY MARRA, and PAUL NYSEWANDER in their representative capacities as trustees of the BAC International Health Fund and BAC INTERNATIONAL HEALTH FUND, an employee benefit plan, | ) ) ) ) ) ) ) ) ) |
| and | ) ) |
| DAVID GILLICK, DAN DWYER, MIKE HEITKAMP, BRIAN GRANT and BRIAN SMITH, in their representative capacities as trustees of the Masonry Institute of St. Louis, and THE MASONRY INSTITUTE OF ST. LOUIS, a non-profit organization, | ) ) ) ) ) ) ) |
| and | ) ) |
| BRICKLAYERS' UNION LOCAL NO. 1, a labor organization, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| M.D. MAGARY CONSTRUCTION COMPANY, a Missouri corporation, | ) ) ) |
| Defendant. | ) |

## **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

2

1. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Pension Trust ("the Pension Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Brian Jennewein, Mark Savage, John Walker, Jr., John Hopkin, Michael Fox, David Gillick, Luke Siebert, John J. Smith, Jr., Brian Grant and Nicholas Frisch are the duly designated and acting Trustees of the Pension Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

2. Plaintiff, Bricklayers' Local Union No. 1 Supplemental Pension Plan ("the Supplemental Pension Plan"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Its Trustees are the same as those for the Pension Trust.

3. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Vacation Trust ("the Vacation Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Brian Jennewein, Nicholas Frisch, Michael Fox, Brian Grant and David Gillick are the duly designated and acting Trustees of the Vacation Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

4. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Apprenticeship and Training Trust ("the Apprenticeship and Training Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 arid 1145. Plaintiffs Brian Jennewein, David Gillick, Mark Savage, John Walker, Jr., John Hopkin, Michael Fox, Dan Grass, Brian Smith,

Richard K. Swanson and Brett Lampkin are the duly designated and acting Trustees of the Apprenticeship and Training Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

5. Plaintiff, Bricklayers and Trowel Trades International Pension Fund ("International Pension Fund"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs James Boland, Timothy Driscoll, Gerard Scarano, Carlos Aquin, Henry Kramer, and Gerald O'Malley are the duly designated and acting Trustees of the Bricklayers and Trowel Trades International Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

6. Plaintiff, BAC International Health Fund ("International Health Fund"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs James Boland, Timothy Driscoll, Gerard Scarano, Carlos Aquin, Ted Champ, Gregory Hess, Matthew Aquiline, Robert Hoover, Tony Marra, and Paul Nysewander are the duly designated and acting Trustees of the BAC International Health Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

7. Plaintiff, Masonry Institute of St. Louis ("the Masonry Institute") is and was at all times hereinafter mentioned a not-for-profit corporation incorporated and in good standing under the laws of the State of Missouri.  Plaintiffs David Gillick, Dan Dwyer, Mike Heitkamp, Brian Grant and Brian Smith are the duly designated and acting Trustees of the Masonry Institute.

4

8.    Plaintiff, Bricklayers' Union Local No. 1 of Missouri ("the Union"), is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

9.    Defendant M.D. Magary Construction Company is a Missouri corporation, and has at all material times been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

10.    This Court has jurisdiction by reason of Sections 502(a)(3)(ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of contracts with defendant.

11.    At all times material, defendants were bound by the provisions of collective bargaining agreements requiring weekly payments to the Pension, Supplementary Pension, International Pension, International Health Fund, Vacation, Apprenticeship and Training and International Apprenticeship Trusts and to the Masonry Institute, the (Marketing Board, the Research Board and the Mason Contractors Association) in specified amounts through the purchase of fringe benefit stamps and the submission of monthly report forms. The collective bargaining agreements also provide for the weekly payment of union dues through the purchase of fringe benefit stamps.

12.     The collective bargaining agreements also require defendants to submit monthly reports to plaintiffs showing the number of hours worked by employees of defendant.

13.     The collective bargaining agreements and the plans adopted by the Trustees of the Pension, Supplementary Pension, International Pension, International Health, Vacation, Apprenticeship and Training and International Apprenticeship Trusts also provide that the Trustees shall be permitted to examine employers' books and records to insure that stamp purchases have been properly made in accordance with the terms of the collective bargaining agreements.

14.     The collective bargaining agreements require the payment of liquidated damages and interest on delinquent amounts.

15.     Defendants have failed to purchase the required fringe benefit stamps or otherwise pay the required fringe benefit contributions.

16.     An audit of defendant's records for the period of January 1, 2018 to December 31, 2018 reflects that defendant owes contributions of $9,222.17 and liquidated damages of $3,649.52, for a total of $12,871.69. See Exhibit 1 hereto.

17.     Plaintiffs are entitled to recover, in addition to the above, interest and liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreements.

WHEREFORE, plaintiffs pray the Court as follows:

A.     For a judgment against defendants for delinquent contributions;

B.     For judgment against defendants for liquidated damages on the delinquent contributions;

C.     For a judgment of $12,871.69, based on the audit.

      D.      For costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

      E.      For an order that defendant submit its records for audit for January 1, 2019 to date so that plaintiffs can determine the amounts owed;

      F.      For a judgment based on the results of the audit;

      G.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Facsimile:  (314) 727-6804

_s/ Greg A. Campbell_
GREG A. CAMPBELL, #35381MO

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed with the U.S. District Court via electronic mail on May 18, 2020 and that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Greg A. Campbell